**Affirmed and Majority and Concurring Opinions filed July 16, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00055-CV

---

## CHARLES W. COOK, LEVI WATSON, JESSICA WATSON, JOE BLAIR ROWTON, JAMIE LOUIS ROWTON, AND CHARLES TOWNSEND, Appellants

### V.

## RONEN NISSIMOV, NATALIA NISSIMOV, AND BRIAN BLALOCK, Appellees

---

**On Appeal from the 12th District Court
Grimes County, Texas
Trial Court Cause No. 33,436**

---

## C O N C U R R I N G   O P I N I O N

I join the court's judgment, but for the reasons set forth below, I respectfully disagree with the analysis in the majority opinion.

### *Easement Instrument*

In an easement instrument executed in March 2009 and filed in the Grimes

County Real Property Records, Ralph McKnight conveyed to Charles W. Cook and the Bousquet Family Limited Partnership (collectively, the "Cook Parties") and their heirs, successors, and assigns all of McKnight's right, title, and interest in and to a perpetual and non-exclusive right to use a 60-foot wide easement running from Tierra Buena Drive to the south line of 130-acre tract owned by the Cook Parties, for the purpose of providing non-exclusive pedestrian and vehicular ingress to and egress from the 130-acre tract, to and from Tierra Buena Drive and County Road 302 (the "McKnight Easement"). The parties to the easement instrument designated the 130-acre tract as the "Dominant Estate Property" and agreed that the McKnight Easement is appurtenant to and runs with all or any portion of the 130-acre tract, whether or not the easement is referenced or described in any conveyance of all or such portion of the 130-acre tract. The parties also agreed that the McKnight Easement is nonexclusive, irrevocable, and for the benefit of the Cook Parties and their heirs, successors, and assigns who at any time own the 130-acre tract or any interest in that tract.

The parties to the easement instrument contemplated that the Cook Parties might use the McKnight Easement for access to the 450-acre tract north of the 130-acre tract:

> [The Cook Parties] own[] an additional 450 acres adjoining [the 130-acre tract]. In the event that [the Cook Parties] decide[] to subdivide this 450 acres, or any part thereof, and to use the [McKnight Easement] for access to said 450-acre tract, [the Cook Parties] agree[] to impose the minimum deed restrictions (the same or better than) of DEER CREEK and STAGE COACH CROSSING which includes lot size at a minimum of 10.5 acres each, on his parcels [sic].

### The Subdivision Plat

After the easement instrument was filed in the Grimes County Real Property Records, the Final Plat was filed in these records (the "Plat"). Presuming that the

Cook Parties could have created an easement through the 130-acre tract to connect the McKnight Easement to the 450-acre tract, the Plat did not do so. The Plat for the Tierra Buena – North Subdivision (the "Subdivision") contains a 60-foot easement through the 130-acre tract so that the owners of each lot in the Subdivision can have access to the McKnight Easement. The Plat states that the Subdivision contains "11 lots in a private gated community."

The subsequent deeds to the owners of the lots in the Subdivision refer to the Plat and recite that the grantee has rights of ingress and egress over the McKnight Easement. The Plat says that the Subdivision is a private, gated community with 11 lots. Nothing in the Plat or the deeds provides that the easement through the 130-acre tract is for the benefit of the 450-acre tract to the north. Significantly, if this were so and the easement were for the benefit of the tract to the north, the Subdivision would not be a private, gated community with 11 lots.

Even presuming that the Cook Parties had the ability to create an easement through the 130-acre tract that would allow owners of lots in the 450-acre tract to use this easement to access the McKnight Easement, the deeds, the Plat, and the Declaration of Protective Covenants for the Subdivision did not so provide. Under the unambiguous language of the Plat and the deeds, only the owners of the 11 lots in the Subdivision may use the easement through the 130-acre tract.[1]

---

[1] *See Marzo Club, LLC v. Columbia Lakes Homeowners Ass'n*, 325 S.W.3d 791, 799–800 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

For these reasons, the trial court did not err in granting summary judgment in favor of appellees Ronen Nissimov, Natalia Nissimov, and Brian Blalock.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Bourliot and Poissant. (Poissant, J., majority).